**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Brown,<br><br>        Plaintiff,<br><br>v.<br><br>Anthem Blue Cross and Blue Shield, et al.<br><br>        Defendants. | No. CV-13-00990-PHX-DGC<br><br>**ORDER** |

      Defendant has filed a motion to dismiss for lack of personal jurisdiction. Doc. 7. The issue is fully briefed. Doc. 16; Doc. 19. No party has requested oral arguments. The Court will deny the motion.

**I.    Background.**

      Plaintiff Jason Brown enrolled in the PPO Blue Access 90 Individual Insurance Contract issued by Blue Cross Blue Shield ("Defendant").[1] Doc. 16 at 6. Defendant is a Missouri corporation with its principle place of business in St. Louis, Missouri. Doc 7-1 at 2. Defendant issued the policy to Plaintiff while he resided in Missouri. *Id.*

      On September 24, 2011, Plaintiff sought treatment at Rosewood Psychiatric Unit ("Rosewood") in Wickenburg, Arizona. Doc. 16 at 6. He sought treatment for bulimia nervosa, depression, hypertension, diabetes mellitus, and tachycardia. *Id.* at 7. Defendant authorized and paid in-network rates for Plaintiff's inpatient treatment at

---

[1] Blue Cross Blue Shield is the trade name under which Health Alliance Life Insurance Company operates. Doc. 7-1 at 1.

Rosewood from September 24-30, 2011.[2]  *Id.*  On September 30, Plaintiff transferred from inpatient to residential treatment and Defendant again authorized and paid in-network rates.  *Id.* at 7.  On October 5, 2011, Defendant denied further residential treatment.  *Id.*  Rosewood appealed the decision, but Defendant upheld the denial.  *Id.*  Plaintiff decided to remain in residential treatment until January 5, 2012.  *Id.*  His parents paid for the additional treatment at a cost of more than $100,000.  *Id.*

While in residential treatment at Rosewood, Plaintiff underwent tests every week at LabCorp in Prescott, Arizona.  *Id.* at 8.  Defendant authorized and paid for these tests at in-network rates.  *Id.*  On October 5, 2011, Plaintiff had a cardiologic examination at Biltmore Cardiology in Wickenburg.  *Id.*  Defendant also authorized and paid for this procedure.  *Id.*

On January 6, 2012, Plaintiff transitioned to a new facility, Rosewood Capri, which was an in-network provider in Wickenburg.  *Id.* at 7-8.  At Rosewood Capri, Defendant approved and paid in-network rates for Plaintiff's treatment from January 9 through February 7, and from February 18 through February 25, 2012.  *Id.* at 8.  Plaintiff remained at Rosewood Capri until early March.  *Id.*

## II.  **Legal Standard and Analysis.**

Plaintiff has the burden of establishing personal jurisdiction.  *See, e.g., Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995).  When a court resolves a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, a plaintiff "need make only a prima facie showing of jurisdictional facts to withstand the motion."  *Ballard v. Savage*, 65 F.3d 1494, 1498 (9th Cir. 1995).  A plaintiff must establish facts that if true would support personal jurisdiction, and disputed facts are resolved in the plaintiff's favor.  *See Doe v. Unocal*, 248 F.3d 915, 922 (9th Cir. 2001).

No federal statute governs personal jurisdiction, so Arizona's long-arm rules apply.  *See Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 559 (9th Cir. 1995).  Arizona

---

[2] Under the PPO Blue Access 90 plan, Defendant pays 90% of medical treatment costs to in-network providers after the client's deductible is met.  Doc. 16-2 at 2.

Rule of Civil Procedure 4.2(a) "provides for personal jurisdiction coextensive with the limits of federal due process." *Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1050 (9th Cir. 1997) (citing *Batton v. Tenn. Farmers Mut. Ins. Co.*, 736 P.2d 2, 4 (Ariz. 1987)). Federal due process requires that a defendant have certain contacts with a forum state so that the exercise of personal jurisdiction will not offend traditional notions of fair play and substantial justice. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). "By requiring that individuals have 'fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign,' the Due Process Clause 'gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit.'" *Id.* at 270 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (internal citations omitted)). Personal jurisdiction can be either general or specific. *See Helicopter Nacionales de Columbia v. Hall*, 466 U.S. 408, 414-15 nn. 8–9 (1984).

Plaintiff claims that Defendant is subject to specific jurisdiction in Arizona. Doc. 16 at 10. The Ninth Circuit applies a three-part test for specific jurisdiction: (1) whether the defendant purposefully availed itself of the privileges of conducting activities in the forum, thereby invoking the benefits and protections of its laws, (2) whether the claim arises out of the defendant's forum-related activities, and (3) whether the exercise of jurisdiction would be reasonable. *See, e.g., Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000); *Burger King*, 471 U.S. at 472–76.

**A.     Purposeful availment.**

For a court to have personal jurisdiction, "it is essential . . . that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State[.]" *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). "[T]he purposeful availment analysis turns upon whether the defendant's contacts are attributed to 'actions by the defendant *himself*,' or conversely to the 'unilateral activity of another

- 3 -

party.'" *Hirsch v. Blue Cross, Blue Shield of Kansas City*, 800 F.2d 1474, 1478 (9th Cir. 1986) (quoting *Burger King*, 471 U.S. at 463) (emphasis in original). "It is not required that a defendant be physically present within, or have physical contacts with, the forum, provided that his efforts are 'purposefully directed' toward forum residents." *Hirsch*, 800 F.2d at 1478 (citation omitted). Purposeful availment is satisfied when "defendant takes deliberate actions within the forum state." *Id.*

Plaintiff claims that Defendant purposely availed itself of the privilege of doing business in Arizona by contracting with Arizona medical facilities, providing in-network coverage at these facilities, and paying for Plaintiff's treatment at the in-network rate. Doc. 16 at 10. Plaintiff submits an affidavit in which he asserts that Defendant directed him to Rosewood and told him that it was an in-network provider and a contracted facility with Defendant. Doc. 16-5, ¶ 3. Plaintiff also submits a declaration from an attorney who called various Arizona facilities and was told that they had contracts with Defendant. Doc. 16-1.

Defendant asserts that it is a Missouri business, with no offices or employees in Arizona, and issued Plaintiff's policy in Missouri. Defendant further asserts in an affidavit provided by Elizabeth Cox that is has no contracts with any Arizona providers. Doc. 7-1 at 2.[3] Defendant does not explain the process by which it arranged for Plaintiff to receive care from in-network providers in Arizona, nor does it respond to Plaintiffs' declaration that he was told by Defendant that it had a contract with Rosewood. Doc. 19.

As noted above, Plaintiff "need make only a prima facie showing of jurisdictional facts to withstand the motion." *Ballard*, 65 F.3d at 1498. Plaintiff must establish facts that if true would support personal jurisdiction, and disputed facts must be decided in Plaintiff's favor. *Id.*; *Doe*, 248 F.3d at 922. Whether Defendant contracted with Arizona facilities appears to be a disputed fact in this case. For purposes of this motion to

---

[3] It is not clear from Ms. Cox's declaration whether she is an employee of Defendant or has some other business relationship with Defendant. Doc. 7-1.

dismiss, the Court must resolve that issue in Plaintiff's favor. *Id.*[4]

Defendant has taken deliberate action in Arizona by contracting with and providing in-network coverage at Arizona medical facilities. Defendant has also taken deliberate action by first approving and then paying Plaintiff's Arizona medical providers at the in-network rates. Defendant also advertises itself as a national network, allowing customers to take advantage of in-network facilities throughout the country. *See* Doc. 16 at 12. The Court finds the first element of specific jurisdiction satisfied.[5]

### B. "Arising out of" forum-related activities.

The Ninth Circuit has adopted a "but for" test to determine whether a plaintiff's cause of action arises out of a defendant's forum-related activities. *See Omeluk*, 52 F.3d at 271. The requirement is met if, "but for" the contacts between the defendant and the forum state, the cause of action would not have arisen. *See Terracom*, 49 F.3d at 561.

The "but for" test is satisfied here. Defendant contracted with at least one Arizona facility to provide in-network coverage to Plaintiff, and then ceased paying for that coverage. Had Defendant not provided in-network coverage in Arizona, Plaintiff states that he would have sought out an in-network facility. Doc. 16-5, ¶ 3. Plaintiff also suggests that he would not have purchased the insurance policy from Defendant without Defendant's express representation that the plan would travel with him and provide coverage throughout the United States. *Id.* at ¶ 2.

### C. Reasonableness.

An unreasonable exercise of jurisdiction violates the Due Process Clause even if

---

[4] Defendant also claims in its reply brief that provisions within the insurance contract prohibit jurisdiction in Arizona. Doc. 19 at 8-10. The Court will not consider arguments made for the first time in a reply brief. *See Bach v. Forever Living Prods. U.S., Inc.*, 473 F.Supp.2d 1110, 1122 n. 6 (W.D. Wash. 2007); *Gadda v. State Bar of Cal.*, 511 F.3d 933, 937 n. 2 (9th Cir. 2007).

[5] Defendant quotes extensively from Judge Snow's transfer-of-venue decision in *Angel Jet Services, LLC v. Red Dot Bldg. Systems' Employee Benefit Plan*, CV-09-2133-PHX-GMS (D. Ariz. Feb. 8, 2010). Judge Snow's analysis is distinguishable, however, because he applied general jurisdiction principles, which require continuous and systematic forum contacts, not specific jurisdiction principles.

the "purposeful availment" and "arising out of" requirements of specific jurisdiction are satisfied. *See Int'l Shoe*, 326 U.S. at 316; *Ziegler*, 64 F.3d at 474-75. A district court presumes, however, that its exercise of jurisdiction over a defendant is reasonable if the first two requirements are met. *See Ballard*, 65 F.3d at 1500. The burden of proof shifts when the first two requirements are met, and the defendant must "'present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" *Id.* (quoting *Burger King*, 471 U.S. at 477). Defendant does not address the reasonableness requirement, and therefore has not met its burden of showing that exercising jurisdiction over it in this case would be unreasonable.

**IT IS ORDERED** that Defendant's motion to dismiss (Doc. 7) is **denied.**

Dated this 22nd day of August, 2013.

_____
David G. Campbell
United States District Judge